UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

| Case No. | CR12-651-CAS | | Date | September 22, 2014 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Laura Elias | |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| HARLOW ROBLES | X | X | | ANTONIO YOON | X | X | |

**Proceedings:** DEFENDANT ROBLES' MOTION FOR RETURN OF PROPERTY (Dkt. #151, filed August 10, 2014)

### I.   INTRODUCTION AND BACKGROUND

On July 11, 2012, a grand jury charged defendants Jose David Villa ("Villa") and Harlow Robles ("Robles") with multiple offenses related to narcotics and firearms.  Dkt. #14.  The indictment charged Villa with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 (count one); two counts of distribution of at least five grams of methampetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) (counts two and three); four counts of distribution of at least fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (counts four through seven); and possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (count eight).  Id.  Robles is charged only in count one and counts four through seven of the indictment.  Id.

On August 10, 2014, Robles filed a motion for return of property.  Dkt. #151.  Following an order by the Court to continue the briefing schedule, Dkt. #154, the government opposed the motion on September 8, 2014, Dkt. #155.  Robles replied on September 15, 2014.  On September 22, 2014, the Court held a hearing at which defendant and the United States appeared.  After considering the parties' arguments, the Court finds and concludes as follows.

### II.   DISCUSSION

Federal Rule of Criminal Procedure 41(g) provides that "a person aggrieved by an unlawful search and seizure of property . . . may move for the property's return."  To prevail on such a motion, a criminal defendant must demonstrate that "(1) he is entitled to lawful

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES - GENERAL

'O'

possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended."[1]  United States v. Van Cauwenberghe, 827 F.2d 424, 433 (9th Cir. 1987).  "Generally, a [motion under this rule] is properly denied if . . . the government's need for the property as evidence continues."  United States v. Tabati, 2013 WL 2040428, at *2 (C.D. Cal. May 14, 2013) (quoting United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993)).

     Robles requests that the government return his T-Mobile cellular telephone.  This item was seized when federal agents executed a search warrant at Robles' residence.  Mot. at 3.  On a previous motion for return of property filed by Robles, the Court denied Robles' motion with respect to the telephone, while granting the motion with respect to other seized items.  Dkt. #53.  According to Robles, the telephone contains otherwise unobtainable phone numbers of school friends and pictures of his father, who recently passed away.  Mot at 4.  Robles maintains that he has requested this data from the government, but has not yet received it.  Id.  He contends that the telephone cannot have evidentiary value because the government has not searched it in the two years that they have possessed it.  Id.

     The government responds that it does not object to providing Robles with contact information, photographs or similar information, but has thus far been unable to do so because of the telephone's password protection.  Opp'n at 2.  The government further states that it still intends to present evidence implicating the telephone and that the jury is entitled to see the telephone, so that it still has evidentiary value.  Id. at 2, 5.  The government avers that it believes it may be able to search the telephone without Robles' password due to technological advances, but would prefer to obtain consent or exhaust plea negotiations before applying for a new search warrant.  Id. at 3.

     In reply, Robles claims that he does not remember his phone password and that signing a consent form to allow the government to try to bypass the password would "only cause further delay."  Reply at 2.  Robles asserts that because the government has already produced text messages sent from the telephone and photographs of the telephone, the evidentiary value of the phone itself is minimal.  Id.

     The Court has considered the arguments raised and concludes that Robles has not met his burden of demonstrating that the phone was illegally seized or that the evidentiary need for the telephone has ended.

---

[1] Robles does not contend that the evidence was illegally seized.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

## IV.  CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendant's motion for return of property.

IT IS SO ORDERED.

|  | 00 | : | 10 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |